

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:

Opinion No. 0-6535
Re: The authority of the Department
of Public Welfare to administer
or supervise through its county
or local workers, county funds
appropriated for welfare pur-
poses within the county and the
county's authority to supplement
the pay of the department workers.

Your letter to this department after quoting in full Sections 7 and 39 of Article 695c, V. A. C. S., asks this department's opinion on the following:

"Senate Bill 423, Acts of the 47th Legisla-
ture, Regular Session, made appropriations for
the 'Division of Intake and Certification' as a
part of the appropriation for the Department of
Public Welfare. Senate Bill 84, Acts of the 48th
Legislature, Regular Session, specifically re-
pealed that portion of House Bill 423, Acts of
the 47th Legislature, Regular Session, providing
for an appropriation for the 'Intake and Certifi-
cation Programs' administered by the Department
of Public Welfare. No mention was made of repeal-
ing either Section 7 or Section 39 of House Bill
611, Acts of the 47th Legislature, as amended,
and known as The Public Welfare Act of 1941.

"Did Senate Bill 84, in effect, also repeal
Sections 7 and 39 of the Public Welfare Act of
1941?

"If these two sections of the Public Welfare
Act did not become inoperative, we would like to

Honorable John H. Winters, Page 2

submit for your consideration the following additional questions:

"(1)  Can the Department of Public Welfare administer or supervise, through its county or local workers, county funds appropriated for welfare purposes within the county?

"(2)  Can the Department of Public Welfare pay the salaries of the local workers engaged part time in administering Old Age Assistance, Aid to the Needy Blind, and Aid to Dependent Children, and part time in administering general assistance, provided that the funds for general assistance are appropriated from county or local funds?

"(3)  Can the Department of Public Welfare pay a part of the salaries of the local workers, the remainder being paid out of county funds, if the worker is engaged in administering general assistance provided from local funds?

"If these two sections of the law were not rendered inoperative by Senate Bill 84 of the 48th Legislature, and if the Department is not able to administer general public assistance in local counties as set out in the foregoing questions, what is your interpretation of the two sections; and what is the responsibility of the Department of public Welfare in respect to administration and supervision of general assistance?"

Section 7 of Article 695c is as follows:

"Sec. 7.  The State Department is hereby designated as the state agency to cooperate with the Federal Government in the proper administration and distribution of Federal surplus commodities and any other Federal resources now on hand and available, or that may be provided in the future.  The State Department is hereby designated as the State agency to administer or supervise referrals and certifications to the Works Project Administration, the National Youth Administration

Honorable John H. Winters, Page 3

and the Civilian Conservation Corps. The State
Department may cooperate with any city or county
in any manner deemed necessary for the proper
operation of these programs."

Section 39 of Article 695c is as follows:

"Sec. 39. No provision of this Act is intend-
ed to release the counties and municipalities in
this State from the specific responsibility which
is currently borne by those counties and munici-
palities in support of public welfare, child wel-
fare, and relief services. Such funds which may
hereafter be appropriated by the counties and
municipalities for those services may be adminis-
tered through the county or district offices of
the State Department, and if so administered,
shall be devoted exclusively to the services in
the county or municipality making such appropria-
tion."

Senate Bill 84, being Chapter 37, Acts of the 48th
Legislature, 1943, amends the appropriations to your depart-
ment,

". . . by repealing each, every and all ap-
propriations and all language and words contained
in that section of such bill designated 'Division
of Intake and Certification' which is contained
in that division of the bill dealing with the
State Department of Public Welfare. No further
expenditures shall be made by virtue of such ap-
propriation, and neither the Comptroller nor the
Treasurer shall sign or issue any warrants payable
against such appropriation except for labor or
services already performed or indebtedness already
incurred.

". . . .

". . . The intent of this bill is to reduce
the total appropriation to the State Department of
Public Welfare by the amount remaining unexpended
in the appropriation for the Division of Intake and
Certification.

". . . .

Honorable John H. Winters, page 4

"The fact that there is now no necessity for the appropriation, and that economy should be practiced, . . ."

Senate Bill 84, being Chapter 37 of the Acts of the 48th Legislature, page 40, does not repeal Section 7 or Section 39 of the Public Welfare Act. Senate Bill No. 84, Chapter 37 does repeal the appropriation for the "Division of Intake and Certification" found on pages 1254 to 1264, inclusive, of the Appropriation Act of the 47th Legislature, Laws of 1941. Sections 7 and 39 are still a part of the Public Welfare Act of 1941.

We answer your first question in the affirmative. The Department of Public Welfare, with the county's consent, can administer or supervise, through its county or local workers, county funds appropriated for welfare purposes within the county. Such expenditures are made for the purpose of aiding and cooperating with the agencies of the State and the Federal Government engaged in the administration of aid to the needy people of the State of Texas.

In our conversation with you we gather that your second and third questions are primarily concerned with the part payment of salaries by the county to your local workers. Although, as we have pointed out above, your department is authorized by statute to deal with local welfare problems, we do not find any specific State appropriation from which salaries or portions of salaries may be paid out of county funds. The authority of law is necessary to an expenditure of public funds. The administration of county funds, when requested by the county, is part of the work of your department and its employees. Additional or supplemental salaries are not to be paid to State employees, unless expressly authorized by statutes. The salary fixed by the Legislature is the only salary an employee can receive; and that to be paid only by the State. Our Constitution, Article 8, Section 6, provides that, "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law." The Constitution (Art. 3, Sec. 44) instructs "The Legislature (to) provide by law

Honorable John H. Winters, page 5

for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution." We are aware of the fact that you do receive certain Federal administrative funds but since their use would be limited to the terms of the Federal grant, we do not undertake to pass upon your authority to use Federal funds for those purposes.

We believe that our answers to your inquiry above enumerated make it unnecessary for us to answer the questions propounded in the concluding paragraph of your letter. The provisions of Section 39 do not "release the counties and municipalities in this State from the specific responsibility which is currently borne by these counties and municipalities in support of public welfare, child welfare, and relief services." The funds which may be appropriated by the counties and municipalities for these services may be administered, as above stated, by the Department of Public Welfare through its county and local workers within the county where these funds have been appropriated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

David Wuntch
Assistant

APPROVED JUN 11, 1945



FIRST ASSISTANT
ATTORNEY GENERAL

DW:WP

THIS OPINION CONSIDERED IN APPROVED IN LIMITED CONFERENCE